IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, JACKSON DIVISION

---

**MORGAN KEEGAN & COMPANY, INC.**

    Plaintiff,

vs.                                                                                      Case No. 3:11-cv-638-DPJ-FKB

**YGONDINE W. STURDIVANT** and
**MIKE P. STURDIVANT,**

    Defendants.

---

### MORGAN KEEGAN'S ANSWER TO DEFENDANTS' COMBINED COUNTER-PETITION AND APPLICATION TO VACATE ARBITRATION AWARD AND TO REMAND TO FINRA FOR REHEARING

---

In response to the allegations of Defendants' "Combined Counter-Petition and Application to Vacate Arbitration Award and to Remand to FINRA for Rehearing and Motion to Continue Consideration of the Petition to Confirm and Motion to Continue Consideration of Respondents' Application to Vacate and Remand to FINRA until Motion to Transfer is Decided" ("Combined Counter-Petition"), Morgan Keegan & Company, Inc. ("Morgan Keegan" or "Plaintiff") respectfully responds to the enumerated paragraphs therein as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    It is admitted that Defendants initiated an arbitration claim with FINRA (the "Arbitration") against Morgan Keegan and that said arbitration related to Defendants' investments in the RMK family of bond funds.  The remaining allegations in the first sentence of paragraph 4, as stated and characterized, are denied.  It is admitted that Defendants' Statement of

Claim and Morgan Keegan's Answer in the underlying arbitration are attached as exhibits to the Combined Counter-Petition, though the exhibits to Morgan Keegan's Answer are not attached.

5. Admitted.

6. Admitted.

7. It is admitted that an Award was entered in the Arbitration dismissing Defendants' claims with prejudice. It is admitted that a copy of the Award was filed by Defendants as Docket No. 08 in this cause of action.

8. The allegations of Paragraph 8 constitute alleged legal conclusions, not factual allegations against Morgan Keegan, and thus require no formal response from Morgan Keegan. Morgan Keegan would further aver that the Federal Arbitration Act and the Tennessee Uniform Arbitration Act speak for themselves.

9. It is admitted that Morgan Keegan has petitioned this Court to confirm the Award, and that it filed said Petition on October 14, 2011. The other allegations and characterizations stated in Paragraph 9 are denied.

10. The first two sentences of Paragraph 10 are admitted, except that it is also stated that Morgan Keegan filed its Petition to Confirm pursuant to 9 U.S.C. § 9 and Tenn. Code Ann. § 29-5-312. The third sentence of Paragraph 10, as stated, is denied.

11. Admitted. Morgan Keegan has now filed a Response to Defendants' Motion to Transfer.

12. Paragraph 12 does not state allegations that require a formal response from Morgan Keegan. Morgan Keegan generally agrees with the statements of Defendants in Paragraph 12. Morgan Keegan's position is that this Court should rule on Defendants' Motion to

Transfer prior to the entry of a scheduling order establishing deadlines for the submission of briefs on the merits and oral argument on the merits.

13. It is denied that Defendants are entitled to vacatur on any grounds.

14. The allegations of Paragraph 14 constitute alleged legal conclusions, not factual allegations against Morgan Keegan, and thus require no formal response from Morgan Keegan. Morgan Keegan would further aver that the Federal Arbitration Act and the Tennessee Uniform Arbitration Act speak for themselves.

15. Denied.

16. The allegations of Paragraph 16, including the sub-paragraphs thereto, are denied.

17. Denied.

To the extent that Paragraphs 1-4 after the sentence beginning "Wherefore, premises considered . . ." allege that Defendants are entitled to any relief in this cause, such allegations are denied and Morgan Keegan denies that Defendants are entitled to any relief whatsoever. Any allegation or assertion not specifically admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Combined Counter-Petition fails to state a claim against Morgan Keegan upon which relief may be granted.

### SECOND DEFENSE

Defendants' claims are barred by the affirmative defenses of Arbitration and Award, Estoppel, Waiver, and Laches.

## THIRD DEFENSE

Defendants' claims are barred by Defendants and their attorneys' failure to exercise due diligence during the course of the arbitration proceeding.

## FOURTH DEFENSE

Defendants had a full and fair arbitration hearing.

## FIFTH DEFENSE

Morgan Keegan affirmatively pleads the provisions of the Federal Arbitration Act, the Tennessee Uniform Arbitration Act, and the case law interpreting the provisions therein in defense of the Combined Counter-Petition.

Wherefore, having fully answered Defendants' Combined Counter-Petition, Morgan Keegan respectfully requests that the Combined Counter-Petition be dismissed in its entirety with costs taxed to Defendants and that Judgment be entered against Defendants' Combined Counter-Petition and in favor of Morgan Keegan's Petition to Confirm, and for all further and additional relief to which this Court finds Morgan Keegan entitled, including but not limited to its attorneys' fees, costs, and other expenses.

Respectfully submitted,

/s/ John T. Moses
John T. Moses (MS Bar No. 101126)
BASS, BERRY & SIMS, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee  38103
Telephone:  (901) 543-5900
Facsimile:  (901) 543-5999
jmoses@bassberry.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on January 28, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ John T. Moses