IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MORGAN KEEGAN & COMPANY, INC.                                                  PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:11cv638-DPJ-FKB

YGONDINE STURDIVANT, et al.                                                 DEFENDANTS

ORDER

This proceeding is before the Court on Plaintiff Morgan Keegan's Motion for Attorney Fees [29]. Because the Court concludes that Morgan Keegan has not established its entitlement to attorney's fees, the motion will be denied.

I.     Facts and Procedural History

Pursuant to a binding arbitration agreement between the parties, Defendants Mike and Ygondine Sturdivant filed an arbitration claim against Plaintiff Morgan Keegan with the Financial Industry Regulatory Authority ("FINRA") related to their investment in Morgan Keegan bond funds. Following the arbitration hearing, a panel of three FINRA arbitrators entered an award denying and dismissing with prejudice the Sturdivants' claims and denying Morgan Keegan's request for attorney's fees. One week later, Morgan Keegan filed this lawsuit, seeking an order under 9 U.S.C. § 9 confirming the arbitration award. In response, the Sturdivants counterclaimed, under 9 U.S.C. § 10, for an order vacating the arbitration award.

On August 24, 2012, the Court entered an order denying the Sturdivants' motion to vacate and granting Morgan Keegan's petition to confirm the arbitration award. Within 14 days of the entry of judgment in its favor, Morgan Keegan filed this motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2), asserting that it is entitled to an award of

more than $48,000 in fees under the contract between the parties. The Sturdivants responded in opposition, Morgan Keegan filed a reply, and the Court is prepared to rule.

II.     Analysis

The contract between Morgan Keegan and the Sturdivants provides that the "agreement and its enforcement shall be governed by the laws of the State of Tennessee." Morgan Keegan Client Agreement [29-1] ¶ 12. And Tennessee follows the American Rule regarding attorney's fees, under which "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000) (citing *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Morgan Keegan primarily relies on a contractual provision to support an award of attorney's fees but makes passing reference to a potentially applicable Tennessee statute. The Court will consider each basis for a fee award in turn.

   A.     The Contract

The contract provision on which Morgan Keegan relies provides, in pertinent part:

> Any expense, including attorney's fees (whether of outside or inside counsel), incurred by Morgan Keegan in defense of an action brought by the undersigned against Morgan Keegan or its agents or employees in connection with any account of the undersigned shall be borne solely by the undersigned should Morgan Keegan prevail.

Morgan Keegan Client Agreement [29-1] ¶ 22. Morgan Keegan argues that "when Defendants moved to vacate the FINRA Arbitration Award," they became subject to the attorney's fee provision of the contract. Pl.'s Mem. [30] at 3.

The problem with Morgan Keegan's position is that the attorney's fee provision, on its face, applies only where Morgan Keegan prevails in "an action brought by" the Sturdivants. The

current fee request makes no claim for fees associated with the defense of the underlying arbitration—which were denied by the arbitrators. Instead, Morgan Keegan seeks all fees associated with this civil action brought by Morgan Keegan, not the Sturdivants. Morgan Keegan certainly had the right to avail itself of the procedure for confirmation of an arbitration award provided by 9 U.S.C. § 9, but nothing required Morgan Keegan to have the award confirmed. *See* Morgan Keegan Client Agreement [29-1] ¶ 5 ("The award of the arbitrators, or of a majority of them, *shall be final*, and judgment upon the award rendered *may* be entered in any court, state or federal, having jurisdiction.") (emphasis added). It chose to bring this action to confirm the award, and the fact that the Sturdivants, having been brought before the Court, took a chance and moved to vacate the award does not make this "an action brought by" the Sturdivants. If Morgan Keegan wanted to be entitled to attorney's fees for bringing a successful action to confirm an arbitration award in its favor, it could have drafted its agreement to so provide. As it is, the contract provides for an award of fees only related to "an action brought by" the Sturdivants. Morgan Keegan is not entitled to attorney's fees under its contract.[1]

     B.      Section 29-5-315 of the Tennessee Code

Morgan Keegan asserts, in the alternative, that the Court "ha[s] the authority to award attorney's fees when a party moves to confirm an award," citing a Tennessee Court of Appeals case interpreting a provision of the Tennessee Uniform Arbitration Act. Pl.'s Mem. [30] at 4 (citing *Watchel v. Shoney's Inc.*, 830 S.W.2d 905, 909–10 (Tenn. Ct. App. 1991)). The relevant section of the TUAA provides:

---

[1]None of the cases relied upon by Morgan Keegan involved a contract provision limiting fees to those incurred "in defense of an action" and a claim for fees asserted by a prevailing plaintiff.

> Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.  Costs of the application, and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

Tenn. Code Ann. § 29-5-315.  Assuming this section of the TUAA applies in lieu of the standard for awarding attorney's fees under the FAA, the Court notes that an award of fees is discretionary under the statute—not mandatory.  *See Watchel*, 830 S.W.2d at 910 (holding that an award of attorney's fees under the TUAA "is within the discretion of the trial court").  Under the circumstances before it, the Court exercises its discretion to deny the requested attorney's fees.

III.    Conclusion

The Court has considered all the parties' arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Morgan Keegan's Motion for Attorney's Fees [29] is denied.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2012.

            s/ *Daniel P. Jordan III*
            UNITED STATES DISTRICT JUDGE